# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-00473-SCT

*JELANI MILES a/k/a JELANI N. MILES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/19/2014 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| TRIAL COURT ATTORNEYS: | CHUCK McRAE |
| | WILLIAM B. KIRKSEY |
| | PATRICK BEASLEY |
| | SCOTT ROGILLIO |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM B. KIRKSEY |
| | CHRISTINA RENEE HUFFMAN |
| | CHUCK McRAE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | AKILLIE MALONE OLIVER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 12/01/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., COLEMAN AND BEAM, JJ.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1. A Yazoo County grand jury indicted Jelani Miles for shooting into a vehicle, aggravated assault with a deadly weapon, and murder. The case proceeded to trial but, after the State had called two witnesses, the circuit judge declared a mistrial. When the parties appeared at a hearing to argue the State's motion to revoke Miles's bond while awaiting a new trial, the judge transferred the case to a different county over Miles's objection.

¶2.   We granted Miles's petition for interlocutory appeal to consider the circuit judge's authority to transfer venue over Miles's objection.  Because the circuit judge lacked that power, we reverse and remand for a trial in Yazoo County.

## FACTS AND PROCEDURAL HISTORY

¶3.   After the jury had been empaneled, Miles's counsel moved for a continuance or mistrial because an expected witness for the State had been killed.  The trial judge initially denied the motion, but after the State called two witnesses, she declared a mistrial, stating in her order:

> due to the circumstances outside the confines of the trial including a State's witness having been the victim of a homicide during the trial and a dwelling at which the Defendant was allegedly residing was shot several times the following day.
>
> FURTHER, the Court finds that it cannot insure the Jury had no knowledge of such facts as the Jury was not sequestered.

¶4.   The State moved to revoke Miles's bond while he awaited a new trial, and when the parties appeared at a hearing to argue the State's motion, the circuit judge decided to transfer the case to a different county.  The circuit judge stated:

> As you-all know, in this matter -- a mistrial was granted in the trial on this matter in Yazoo County due to various incidents that occurred. So this Court is at the conclusion at this point that this is a trial that apparently can not be tried in Yazoo County. So this Court on its own motion is going to change the venue.

¶5.   Miles's counsel objected to the judge's decision.  Then, after the judge entered an order transferring the case to Copiah County, Miles's counsel moved for reconsideration.

2

After the circuit judge denied that motion, Miles petitioned this Court for interlocutory appeal, which we granted.

**ANALYSIS**

¶6.     The sole issue before this Court is the circuit judge's authority to transfer venue over the defendant's objection in a criminal case. While the Mississippi Constitution requires only that the jury be drawn from the county where the crime was committed,[1] Mississippi Code Section 99-11-3 states that "[t]he local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed."[2] And Mississippi Code Section 99-15-35 states:

> On satisfactory showing, in writing, sworn to by the prisoner, made to the court, or to the judge thereof in vacation, supported by the affidavits of two or more credible persons, that, by reason of prejudgment of the case, or grudge or ill will to the defendant in the public mind, he cannot have a fair and impartial trial in the county where the offense is charged to have been committed, the circuit court, or the judge thereof in vacation, may change the venue in any criminal case to a convenient county, upon such terms, as to the costs in the case, as may be proper.[3]

¶7.     So the Mississippi Legislature has set venue for criminal prosecutions in the county where the crime was committed and further has provided that transfer of venue in criminal cases requires the defendant's sworn petition. Here, even though the defendant made no such motion, the judge transferred the case. In its brief, the State concedes that no Mississippi

---

[1] Miss. Const. art. 3, § 26 ("In all criminal prosecutions the accused shall have a right to . . . a speedy and public trial by an impartial jury of the county where the offense was committed.").

[2] Miss. Code Ann. § 99-11-3 (Rev. 2015).

[3] Miss. Code Ann. § 99-15-35 (Rev. 2015).

3

authority supports the judge's decision, but asks that this Court carve out an exception to the venue statute. This, we are powerless to do.

¶8.    While we recognize the difficult situation faced by the trial judge, this Court possesses no authority to amend statutes. The wisdom of, and need for, an exigent-circumstances exception to the criminal venue statute is squarely within the exclusive authority of the Legislature. We note, however, that when circumstances such as those before us today occur, circuit judges may offer some protection to the judicial process. As in this case, circuit judges may revoke the defendant's bond while he awaits a new trial and also may sequester the jurors for their safety.

## CONCLUSION

¶9.    Because the criminal venue statute provides circuit judges no authority to transfer venue over the defendant's objection, we must reverse and remand for trial in Yazoo County.

¶10.    **REVERSED AND REMANDED**.

    **WALLER, C.J., LAMAR, KITCHENS, KING, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING**.

4